# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CHANTE LASHON WEIR, | ) | CASE NO.: 5:21CV1117 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | **MEMORANDUM OF OPINION AND** |
| SECURITY, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on objections filed by Plaintiff Chante Lashot Weir to the Report and Recommendation ("R&R") of the Magistrate Judge.   On July 6, 2022, the Magistrate Judge issued his R&R in this matter recommending that the Court affirm the decision of the Commissioner. Doc. 10.   On July 19, 2022, Weir objected to the R&R.   On July 25, 2022, the Commissioner responded to the objections.   The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

Weir initially contends that the R&R incorrectly resolved her challenge related to the Commissioner's appointment under an unlawful removal provision.  Weir objects to this conclusion, again asserting that "Mr. Saul had no constitutionally valid authority to delegate to these ALJ or Appeals Council Judges." Doc. 14, p. 2. This Court concludes that the R&R correctly applied and interpreted *Collins v. Yellen*. 141 S. Ct. 1761 (2021). The Supreme Court stated in Collins that even when there is an unconstitutional statutory removal restriction, a plaintiff is not entitled to relief unless he shows that the "unconstitutional provision . . . inflict[ed] compensable harm." Id. at 1788-89. The Supreme Court also held that the "unlawfulness of [a] removal provision does not strip [an official] of the power to undertake other responsibilities of his office." Id. at 1788, n.23.  Accordingly, Weir objection on this issue is overruled.

In her remaining objections, Weir challenges the R&R's resolution of her argument that the ALJ erred in finding that she did meet or equal a listing at Step 3 and failed to consider the waxing and waning of her symptoms.  Within her objections, Weir appears to pick and choose facts that she contends the magistrate judge failed to take into account.  However, the R&R spent nearly 14 pages analyzing each and every sub-issue conceivably raised in Weir's brief related to Step 3.  Weir's two paragraphs fail to identify any legal or factual error committed by the R&R. Accordingly, the objections are overruled.

For the reasons stated above, the Weir's objection is OVERRULED.   The R&R is  ADOPTED IN WHOLE.   The decision of the Commissioner is hereby AFFIRMED.

IT IS SO ORDERED.


Dated: <u>August 9, 2022</u>                                      <u>   /s/ John R. Adams                </u>
                                                                          JUDGE JOHN R. ADAMS
                                                                          UNITED STATES DISTRICT JUDGE